UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH MARTINGANO, on behalf of himself
and all others similarly situated,

                Plaintiff,

      -against-

AMERICAN INTERNATIONAL GROUP, INC.,
AIG FINANCIAL ADVISORS, INC., ROYAL
ALLIANCE ASSOCIATES, INC., FSC
SECURITIES CORPORATION, and
ADVANTAGE CAPITAL CORPORATION,

                Defendants.
------------------------------------------------------------X
CUSTODIAN FBO SAMANTHA JOY COONE
UTMA/CA, Individually and On Behalf of All
Others Similarly Situated,

                Plaintiff,

      -against-

AMERICAN INTERNATIONAL GROUP, INC.,
AIG FINANCIAL ADVISORS, INC., ROYAL
ALLIANCE ASSOCIATES, INC., FSC
SECURITIES CORPORATION, and
ADVANTAGE CAPITAL CORPORATION,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND
ORDER**

06-CV-1625 (JG) (JMA)

06-CV-2014 (JG) (JMA)

**AZRACK, United States Magistrate Judge**:

       Presently before the Court is a motion by the Martingano Group for (i) consolidation of two

related securities fraud actions, (ii) appointment of the Martingano Group as Lead Plaintiff, and (iii)

approval of its selection of Lead Counsel (Dkt No. 7: Mot. to Consolidate Cases, Appoint Lead Pl.

and Approve Selection of Lead Counsel (06/06/06)).  No other plaintiffs opposed this motion.  By

Order dated June 8, 2006, the Honorable John Gleeson, United States District Judge, referred the

Martingano Group's motion to me for decision.  For the reasons stated below, Martingano Group's

motion is granted in its entirety.

## BACKGROUND

Presently before the Court are two related securities fraud class actions brought against

American International Group, Inc., AIG Financial Advisors, Inc., Royal Alliance Associates, Inc.,

FSC Securities Corporation, and Advantage Capital Corporation (hereafter "defendants").  In each

case, plaintiffs seek certification of a class of investors who purchased and/or held shares or like

interests in "Shelf-Space Funds"[1] between June 30, 2000 and June 8, 2005, inclusive (the "Class

Period"), and who were damaged thereby.  Plaintiff Joseph Martingano brought the first-filed of

these related actions on April 7, 2006 ( No. 06-CV-1625(JG)).  On May 1, 2006, plaintiffs Julius

Godachy and Custodian FBO Samantha Joy Coone UTMA/CA filed a second related action (No.

06-CV-2014(JG)).  Both cases (collectively the "AIG Actions") allege violations of the Securities

Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").

---

[1]  The Martingano Complaint alleges that "AIG participated in a [ ] kickback scheme
referred to as selling 'Shelf-Space,' whereby AIG used the AIG Brokers to direct AIG clients
into the Shelf-Space Funds in exchange for illegal kickback payments from those funds" (Dkt.
No. 1: Compl. (04/07/06) ¶ 2).  The Complaint further alleges that "[d]efendants . . . failed to
properly disclose that they had been aggressively pushing the AIG Brokers to sell the Shelf-
Space Funds that provided undisclosed payments, financial incentives and rewards to AIG or its
affiliates and its personnel based on sales and assets held." (Id. ¶ 3).

The Shelf-Space Funds included the following mutual fund families: AIG SunAmerica,
AIM, AllianceBernstein, American, American Skandia, Columbia, Fidelity, Franklin Templeton,
Hartford, John Hancock, MFS, NationsFunds, Pacific Life, Pioneer, Putnam, Oppenheimer,
Scudder, Van Kampen, and WM (See Dkt. No. 9: Decl. of James E. Lahm in Supp. of the Mot.
of the Martingano Group for Consolidation, Appointment as Lead Pl. and Approval of Selection
of Lead Counsel ("Lahm Decl.") (06/06/06), Ex. A).

The law firm of Stull, Stull & Brody represents Martingano Group and Joseph Martingano. Other plaintiffs' counsel include the law firm of Brodsky & Smith, LLC and Schiffrin & Barroway, LLP.  On April 7, 2006, notice of the first-related action was published over <u>Business Wire</u>, advising members of the proposed Class of their right to move the Court to serve as lead plaintiff within the requisite period from the date of publication of the notice, or by June 6, 2006 (Lahm Decl., Ex. A). Martingano Group's present motion to consolidate, for appointment as lead plaintiff, and for appointment of Stull, Stull & Brody as lead counsel is unopposed.  Martingano Group's motion for appointment as lead plaintiff was made in accordance with the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  Defendants take no position with regard to the respective motion.

<u>DISCUSSION</u>

**I.**     <u>Consolidation of the Actions</u>

Rule 42(a) states that

> [w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); <u>see also</u> <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1284 (2d Cir. 1990) ("Consolidation of [ ] actions sharing common questions of law and fact is commonplace.").  "In determining the propriety of consolidation, district courts have broad discretion, and generally favor the view that considerations of judicial economy favor consolidation." <u>Weiss v. Friedman, Billings, Ramsey Group, Inc.</u>, 2006 WL 197036, at *1 (S.D.N.Y. Jan. 25, 2006) (citing <u>Ferrari v. Impath, Inc.</u>, 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004)) (internal quotation marks omitted); <u>see also</u> <u>Celotex</u>, 899 F.2d at 1284.  In securities class action cases, such as this one, courts have deemed consolidation particularly appropriate where the actions "are based on the same public statements

3

and reports" if there are "common questions of law and fact and [if] the defendant will not be prejudiced." Ferrari, 2006 WL 1637053, at *2 (citing Mitchell v. Complete Mgmt., Inc. Sec. Litig., No 99 Civ. 1454, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999)).

The AIG Actions stem from the same NASD announcement, released on June 8, 2005, that it had fined AIG Inc. "in connection with the receipt of directed brokerage in exchange for preferential treatment for certain mutual fund companies" (Martingano Compl. ¶¶ 9, 40-43; Godachy Compl. ¶¶ 9, 37). Both complaints allege that defendants entered into "'shelf-space' arrangements during the Class Period, steering clients into the Shelf-Space Funds, in exchange for financial gain" (Martingano Compl. ¶¶ 17-20; Godachy Compl. ¶¶ 17-20). The questions of law and fact are the same in the two complaints: (a) whether the federal securities laws were violated by Defendants' acts and (b) to what extent the members of the Class have sustained damages and the proper measure of such damages (Martingano Compl. ¶ 60; Godachy Compl. ¶ 57). Indeed, the Martingano Complaint and the Godachy Complaint are nearly identical images of the other. See Goplen v. 51JOB, Inc., 2005 WL 1773702, at *1 (S.D.N.Y. July 26, 2005) (motion for consolidation granted, in part because "[t]he complaints are substantively identical, almost as if the [two] law firms involved shared the same word processor"). On this basis, the Court finds that there are "common issues of law and fact" in the AIG Actions. They are hereby consolidated for all purposes.

The caption of these consolidated actions shall hereinafter be referred to as "In re AIG Financial Advisors, Inc. Securities Litigation." All relevant documents and submissions shall be maintained as one file under Master File No. 06-CV-01625(JG)(JMA). Any other actions now pending or later filed in the Eastern District of New York that arise out of or are related to the same facts as alleged in the above cases shall be consolidated for all purposes, if and when they are

4

brought to this Court's attention, whether by application to the Court or otherwise.  The Clerk of the Court shall file all pleadings in the Master File and note such filings on the Master Docket.

## II.    **Appointment of Lead Plaintiff**

### A.    Procedure under the PSLRA

It is well established law that the Private Securities Litigation Reform Act ("PSLRA") of 1995, Pub. L. 104-67, 109 Stat. 737 (1995), governs the procedure for appointing a lead plaintiff where, as here, claims are brought under the Securities and Exchange Acts.  See Ferrari, 2004 WL 1637053, at *3; Weiss, 2006 WL 197036, at *2; see also In re Oxford Health Plans, Inc., Sec. Litig., 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998) ("In enacting the PSLRA, Congress intended to 'increase the likelihood that parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs counsel.'" (quoting H.R. Rep. No. 104-369, at 32 (1995) reprinted in 1996 U.S.C.C.A.N. at 731)).  The PSLRA requires that the plaintiff who first files must, within twenty days, publish notice of the suit "in a widely circulated national business-oriented publication or wire service . . ." 15 U.S.C. § 78u-4(a)(3)(A)(i); see also Weiss, 2006 WL 197036, at *2.  The notice must advise members of the purported plaintiff class (i) of the pendency of the action, the claims, and the purported class period and (ii) that any plaintiff may apply to the court to serve as lead plaintiff within sixty days of the published notice.  15 U.S.C. § 78u-4(a)(3)(A)(i)(I)-(II).  If these procedures are satisfied, the Court shall

> [n]ot later than 90 days after the date on which a notice is published . . . consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

In determining whether a plaintiff can adequately represent the class, the court shall adopt a rebuttable presumption that

> the most adequate plaintiff in any private action . . . is the person or group of persons that --
>
> (aa) has either filed the complaint of made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). This presumption "may be rebutted only upon proof offered by another member of the purported class that the presumptively most adequate plaintiff -- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

B.    Application to the Present Cases

1.    15 § 78u-4(a)(3)(B)(iii)(I)(aa): Notification
Requirement and Filing a Timely Motion

Plaintiff Joseph Martingano brought the first-filed of these related actions on April 7, 2006, and, on that same date, notice of the first-related action was published over Business Wire (See Lahm Decl., Ex. A), satisfying the requirements of 15 U.S.C. § 78u-4(a)(3)(A)(i). This notice advised members of the proposed Class that they had a limited time after publication to move for appointment as Lead Plaintiff (Id.). The 60-day period elapsed on Tuesday, June 6, 2006. Additionally, the Martingano Group filed a timely motion to serve as Lead Plaintiff. Certifications

were timely filed, indicating that individuals, comprising the Martingano Group, (1) had "reviewed the complaint and [ ] authorized the filing of the complaint on his/her behalf"; (2) had "not purchase[d] any of the securities which are the subject of this action at the direction of his/her counsel or in order to participate in this private action"; (3) were "willing to serve as a representative party on behalf of a class . . ."; and (4) were clients of "an AIG Advisor Group broker-dealer . . ." (See Lahm Decl., Ex. B).  These certifications satisfied the requirements of 15 U.S.C. § 78u-4(a)(2)(A)(i)-(vi).

Therefore, plaintiff Martingano Group has satisfied the first prong of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  See In re Symbol Technologies, Inc. Sec. Litig., 2006 WL 1120619, at *2 (E.D.N.Y. Apr. 26, 2006); In re Smith Barney Transfer Agent Litig., 2006 WL 991003, at *3 (S.D.N.Y. Apr. 17, 2006).

2.      15 § 78u-4(a)(3)(B)(iii)(I)(bb): Largest
Financial Interest Requirement

Martingano Group collectively purchased over 14,304 shares of Shelf-Space Funds from AIG Brokers for a total investment of $179,087.64 (See Lahm Decl., Ex. C).  Since Martingano Group's motion to serve as lead plaintiff is uncontested and its financial interest in this matter is significant, the second prong of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) is satisfied.  See In re Symbol Technologies, 2006 WL 1120619, at *2 (court granted an unopposed motion to serve as lead plaintiff by movant with an estimated loss of $182,236.00); Fitzgerald v. Citigroup Inc., No. 03 Civ. 4305, 2004 WL 613107, at * 3 (S.D.N.Y. Mar. 26, 2004) (as no other putative class member came forward to demonstrate a larger financial stake, movant deemed to have the largest financial interest based on a total shares price of $413,772.30).

3.      15 § 78u-4(a)(3)(B)(iii)(I)(cc): Requirements of Federal
Rules of Civil Procedure Rule 23 are Satisfied

The Rule 23(a) prerequisites to a class action state that

[o]ne or more members of a class may sue or be sued as representative parties on
behalf of all only if (1) the class is so numerous that joinder of all members is
impracticable, (2) there are questions of law or fact common to the class, (3) the
claims or defenses of the representative parties are typical of the claims or defenses
of the class, and (4) the representative parties will fairly and adequately protect the
interests of the class.

Fed. R. Civ. P. 23(a). The Rule 23 inquiry under § 78u-4(a)(3)(B)(iii)(I)(cc) is "less stringent than

the inquiry the rule otherwise requires." In re Crayfish Co. Sec. Litig., No. 00 Civ. 6766, 2002 WL

1268013, *4 (S.D.N.Y. June 6, 2002) (citing In re Party City Sec. Litig., 189 F.R.D. 91, 106 (D.N.J.

1999)). This is because "[a] wide-ranging analysis under Rule 23 is not appropriate [at this initial

stage of the litigation] and should be left for consideration of a motion for class certification." In

re Party City, 189 F.R.D. at 106 (citing Fischler v. AMSouth Bancorporation, No. 96-1567-Civ,

1997 WL 118429, at * 2 (M.D. Fla. Feb. 6, 1997)). Indeed, "[a]t this stage in the litigation, one need

only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been

satisfied." In re Crayfish Co., 2002 WL 1268013, *4 (citing In re Olsten Corp. Sec. Litig.,

3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998)). It should be noted, however, that any preliminary class

certification findings of typicality and adequacy for the purposes of appointing a lead plaintiff will

not preclude any party from contesting the ultimate class certification in the future. See Weltz v.

Lee, 199 F.R.D. 129, 133-34 (S.D.N.Y. 2001) ("Notably, [ ], because [the PSLRA] only requires

preliminary class certification findings, the Court does not preclude any party from contesting the

ultimate class certification on the basis of the determinations made in the instant petition."); see also

Koppel v. 4987 Corp., 1999 WL 608783, at * 8 (S.D.N.Y. Aug. 11, 1999) ("such a finding does not prejudice defendants' capacity to contest plaintiff's adequacy on a motion for class certification").

i.   Typicality

Rule 23(a)(3) "typicality" is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.  See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992).  See also Dura-Bilt Corp. v. Chase Manhattan Corp., 89 F.R.D. 87, 99 (S.D.N.Y. 1981) (the typicality requirement is met "if it arises from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory").  This rule "does not require that the factual background of the named plaintiff's case be identical with that of other members of the class, but that the disputed issue occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of their purported class."  Burka v. New York City Transit Auth., 110 F.R.D. 595, 604-05 (S.D.N.Y. 1986).

Martingano Group's claims are clearly typical of those of the proposed class.  Like all other proposed class members, Martingano Group's members "(i) purchased or otherwise acquired Shelf-Space Funds from AIG Brokers and (ii) suffered damages thereby" (Dkt. No. 8: Mem. of Law in Supp. of Mot. of the Martingano Group for Consolidation, Appointment as Lead Pl. and Approval of Selection of Lead Counsel (06/06/06) at 7).  Both complaints allege that AIG brokers directed AIG clients into Shelf-Space Funds in exchange for illegal kickback payments from those funds (Martingano Compl. ¶¶ 2, 40-42; Godachy Compl. ¶¶ 3-4, 37).  Additionally, both complaints reference, as a basis for their allegations, the fact that the NASD fined AIG Inc. for the shelf-space fund scheme (Martingano Compl. ¶¶ 9-10; Godachy Compl. ¶ 9).  Again, no party has come forward

to contest Martingano Group's typicality; nor have defendants opposed this motion.  Consequently, based on the information currently available to the Court, Martingano Group satisfies the typicality requirement of Rule 23(a) for purposes of the Lead Plaintiff inquiry.  See Fitzgerald, 2004 WL 613107, at *3.

ii.   Adequacy

There are two elements the court must consider when determining adequacy under the third prong of the PSLRA: (1) whether there is a potential conflict between the named plaintiffs and the absent class members, and (2) whether there will be vigorous prosecution of the action by the representative party, which requires that the party's attorney be qualified, experienced, and generally capable of conducting the litigation.  See Garfinkel v. Memory Metals, Inc., 695 F. Supp. 1397, 1405 (D. Conn. 1988); Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 447 (E.D.N.Y. 1995) (citing Dura-Bilt, 89 F.R.D. at 101.

No party has raised a potential conflict between the named plaintiffs and the absent class members.  Additionally, other courts have recognized Martingano Group's counsel, the law firm of Stull, Stull & Brody, for its high quality legal representation.  See, e.g., In re Ikon Office Solutions, Inc., Sec. Litig., 194 F.R.D. 166, 194 (E.D. Pa. 2000); Stull v. Baker, 410 F. Supp. 1326, 1332-33 (S.D.N.Y. 1976).  Since it is a "trend in this district [ ] to assess the adequacy of the representative's attorney rather than the personal qualifications of the named plaintiff," Garfinkel, 695 F. Supp. at 1405 (quoting Klein v. A.G. Becker Paribas Inc., 109 F.R.D. 646, 651 (S.D.N.Y. 1986)), and since a review of the firm's résumé indicates that it is well versed in this type of securities litigation (see Lahm Decl. Ex. D), this Court finds that the law firm of Stull, Stull & Brody is sufficiently adequate counsel and will provide "vigorous representation" for the class.  See Linn v. Allied Irish Banks,

10

PLC, 2004 WL 2813133, at *5 (S.D.N.Y. Dec. 8, 2004).  Furthermore, no party has raised an issue of "antagonism" between class members.  Thus, this Court finds that Martingano Group satisfies the adequacy prong of Rule 23(a) required under the PSLRA and is thereby the most adequate Lead Plaintiff.

4.       Presumption of Adequacy Not Rebutted

Martingano Group has made a prima facie showing that it satisfies the requirements of Rule 23.  Martingano Group is, therefore, entitled to a rebuttable presumption that it should be appointed lead plaintiff.  Martingano Group's motion for appointment as lead plaintiff is unopposed, and no member of the purported class has sought to rebut the presumption that Martingano Group can adequately represent the class; thus, this presumption stands.  See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ("The presumption . . . may be rebutted only upon proof by a member of the purported plaintiff class . . ."); Kemp v. Universal Am. Fin. Corp., 2006 WL 1190691, at * 3 (S.D.N.Y. May 1, 2006).  Accordingly, Martingano Group is appointed Lead Plaintiff in the consolidated AIG class actions currently pending before this Court.

**III.    Motions for Selection of Lead Counsel**

The PSLRA provides that the Lead Plaintiff "shall, subject to approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  Martingano Group has selected Stull, Stull & Brody to serve as lead counsel.  As discussed above, the Court finds Martingano Group's selection of counsel qualified to prosecute this securities class action.  See Linn, 2004 WL 2813133, at *6 (appointing Stull, Stull & Brody as Liaison Counsel).  Thus, this Court approves the selection of Stull, Stull & Brody as Lead Counsel.

11

**CONCLUSION**

For the foregoing reasons, the motion by the Martingano Group for consolidation, appointment as Lead Plaintiff and for approval of Stull, Stull & Brody as Lead Counsel is granted. The caption of these consolidated actions shall hereinafter be referred to as "In re AIG Financial Advisors, Inc. Securities Litigation." All relevant documents and submissions shall be maintained as one file under Master File No. 06-CV-01625(JG)(JMA). In addition, this Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might be consolidated as part of In re AIG Financial Advisors, Inc. Securities Litigation. Plaintiffs shall file a Consolidated Complaint within 45 days of this Order. Defendants shall move or answer within 30 days after the filing of the Consolidated Complaint.

**SO ORDERED.**

Dated: Brooklyn, New York
        July 11, 2005

                                    _/s/_____
                                    JOAN M. AZRACK
                                    UNITED STATES MAGISTRATE JUDGE

Sent to:

James Elliot Lahm
Mark Levine
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017
*Counsel for Plaintiffs*

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Boulevard
Mineola, NY 11501
*Counsel for Plaintiffs*

Marc A. Topaz
Richard A. Maniskas
Alison K. Clark
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087
*Counsel for Plaintiffs*

Thomas J. Kavaler
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
*Counsel for Defendants*