**MANDATE**

07-4727-cv
In Re: AIG Advisor Group Securities Litigation

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the thirteenth day of February two thousand and nine.

PRESENT:

    JOSÉ A. CABRANES,
    REENA RAGGI,
    DEBRA ANN LIVINGSTON,
               *Circuit Judges.*



FILED FEB 13 2009
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

------------------------------------------------x

IN RE: AIG ADVISOR GROUP SECURITIES LITIGATION

---

JOSEPH MARTINGANO, FRANCES MARTINGANO, ALAN BOGAGE, ETHEL J. KARABIN, as beneficiary of the IRA FBO Ethel J. Karabin and trustee of the FBO The Residential Trust of The Karabin Trust U/A/ DTD 05/10/1985 and Survivor Trust of The Karabin Trust U/A DTD 05/10/1985, SIDNEY PERRIS, STEVEN R. WISKOW, and EDSEL F. YOUNG,

            *Plaintiffs-Appellants,*

1

Issued as Mandate: MAR 17 2009

No. 07-4727-cv

v.

AMERICAN INTERNATIONAL GROUP, INC., AIG FINANCIAL ADVISORS, INC., ROYAL ALLIANCE ASSOCIATES, INC., FSC SECURITIES CORPORATION, ADVANTAGE CAPITAL CORPORATION, SENTA SECURITIES CORP., SPELMAN & CO., INC., and SUNAMERICA SECURITIES, INC.,

Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:   MARK LEVINE, (Jules Brody, of counsel), Stull, Stull & Brody, New York, NY.

FOR DEFENDANTS-APPELLEES:   THOMAS J. KAVALER, (Jason M. Hall, Laura C. Fraher, of counsel), Cahill Gordon & Reindel LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

The named plaintiffs ("plaintiffs") appeal from a September 20, 2007 judgment of the District Court, granting defendants' motion to dismiss with prejudice. We assume the parties' familiarity with the factual and procedural history of the case, though we revisit key portions of that history here.

In April 2006, plaintiffs brought the consolidated putative class action against American International Group, Inc. ("AIG") and certain of its broker-dealer subsidiaries ("the AIG Brokers"). Plaintiffs alleged that they all purchased shares or like interests in certain mutual funds, referred to as "Shelf-Space Funds," from the AIG Brokers. Plaintiffs alleged also that "[d]efendants failed to properly disclose that they had been aggressively pushing the AIG financial advisors to sell the Shelf-Space Funds that provided undisclosed payments, financial incentives and rewards to AIG or its affiliates in exchange for kickbacks." J.A. at 46. The complaint asserted several claims of

---

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

2

securities fraud, including claims under § 10(b), 15 U.S.C. § 78j(b), and § 20(a), 15 U.S.C. § 78t(a) of the Securities Exchange Act of 1934, which remain the claims at issue here.[1]

Following oral argument, the District Court granted defendants' motions to dismiss the action in an April 25, 2007 Memorandum and Order. See In re AIG Advisor Group Sec. Litig., No. 06-cv-1625 (JG), 2007 WL 1213395 (E.D.N.Y. Apr. 25, 2007). Specifically, the District Court dismissed plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction, insofar as the complaint related to funds other than the ones in which plaintiffs alleged they owned shares. The District Court also granted defendants' motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted with respect to certain claims that it found were time-barred by the relevant statute of limitations, but denied the motion in all other respects. Finally, the District Court dismissed plaintiffs' complaint pursuant to Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(1), ("PSLRA"), for failure to adequately plead fraud by the AIG Brokers because of a want of sufficient particularity.

On May 31, 2007, plaintiffs filed an amended complaint designed to cure the pleading deficiency identified by the District Court in its ruling of April 25, 2007. Defendants filed a motion to dismiss the amended complaint on June 22, 2007. Following oral argument, the District Court granted defendants' motion to dismiss in a September 20, 2007 Memorandum and Order. See In re AIG Advisor Group Sec. Litig., No. 06-cv-1625 (JG), 2007 WL 2750676 (E.D.N.Y. Sept. 20, 2007). Specifically, the District Court concluded that most of the complaint's description of what the AIG Brokers stood to gain from selling the Shelf-Space Funds was still "too generalized." Id. at *1. To the extent that the plaintiffs had included specific sums that the AIG Brokers would gain by each transaction with the plaintiffs, including $25 for a "standard" $10,000 transaction, the District Court determined that those sums were "too small to state a claim upon which relief can be granted."[2] Id. Based upon these two flaws of the complaint, the District Court concluded that "an inference of bias cannot properly be drawn from the plaintiffs' allegations," and dismissed the complaint. Id. at *5. Plaintiffs filed a timely notice of appeal.

We review de novo the dismissal of a complaint under Rules 12(b)(1) and 12(b)(6). See Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). We "must accept all factual allegations

---

[1] Plaintiffs originally brought additional claims pursuant to the Securities Act of 1933, which they omitted in their amended complaint of May 31, 2007—the operative pleading at issue here.

[2] The District Court noted that the "standard" $10,000 transaction figure is supplied by the plaintiffs' brief—rather than the complaint. In re AIG Advisor Group Sec. Litig., 2007 WL 2750676, at *4 n.5.

3

in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Id. However, "[s]ecurities fraud claims are subject to heightened pleading requirements that [a] plaintiff must meet to survive a motion to dismiss." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). Specifically, under Rule 9(b) and the PSLRA, a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

We conclude, albeit for different reasons than those stated by the District Court, that plaintiffs' claims were properly dismissed.[3] See *Ferran v. Town of Nassau*, 471 F.3d 363, 365 (2d Cir. 2006) ("[W]e may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the District Court . . . ."). In their complaint, plaintiffs incorporated by reference website disclosures made by the AIG Brokers that detailed the allegedly undisclosed shelf-space arrangements. At oral argument, plaintiffs were unable to dispute that these website disclosures, assuming their adequacy, would foreclose their claims—either because the timing of the disclosures, with a single exception, would have triggered the applicable statute of limitations, or because their content rendered inactionable the alleged misrepresentations or omissions."[4] See 28 U.S.C. § 1658(b)(1) (establishing two-year statute of limitations for claims filed after the enactment of the Sarbanes-Oxley Act); *Shah v. Meeker*, 435 F.3d 244, 249 (2d Cir. 2006) (explaining that "limitations period begins to run when the plaintiff obtains actual knowledge of the facts giving rise to the action or notice of the facts, which in the exercise of reasonable diligence, would have led to actual knowledge" (internal quotation marks omitted)); *see also id.* at 252 (holding that plaintiff on inquiry notice could not succeed with a separate fraud claim for purchases made after the notice date). Instead, plaintiffs claimed that the website disclosures were themselves misleading because, while they disclosed the existence of "shelf space" payments made by the mutual funds' distributor and/or investment advisor, they failed to disclose that those payments were ultimately borne by fund shareholders. Plaintiffs' complaint, however, draws no such distinction about the payment source: It alleges that the AIG Brokers had an undisclosed conflict of interest based on their *receipt* of "secret payments" or "undisclosed kickbacks." Amended Cplt. ¶¶ 38, 50. The websites therefore disclosed the existence of the very "conflict of interest" at the heart of plaintiffs' complaint, barring any claim based thereon. See *Shah*, 435 F.3d at 251 (analyzing impact of conflict-

---

[3] Because we affirm on these grounds, we express no view on the District Court's materiality and standing rulings.

[4] The single exception is the website of SunAmerica Securities, Inc. ("SunAmerica"), which may have posted its disclosure as late as April 13, 2004—approximately one week shy of two years before plaintiffs filed their complaint. Even assuming that the timing of the disclosure were resolved in plaintiffs' favor, the complaint would still fail to state a claim. That is because, given the unique circumstances of the roughly contemporaneous posting of nearly identical website disclosures by the other AIG Brokers, combined with preexisting disclosures contained in the Shelf-Space Funds' prospectuses and accompanying SAIs, sufficient knowledge existed to place plaintiffs on inquiry notice of SunAmerica's alleged fraud at least as of April 6, 2004. See *Shah v. Meeker*, 435 F.3d 244, 249, 252 (2d Cir. 2006).

4

of-interest disclosure that went to "the heart of [plaintiff's] complaint").

## CONCLUSION

For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: *Richard Alcantara*
Richard Alcantara, Deputy Clerk

5

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by _____
DEPUTY CLERK

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
THURGOOD MARSHALL U.S. COURT HOUSE
40 FOLEY SQUARE, NEW YORK, N.Y. 10007

Dennis Jacobs
CHIEF JUDGE

Catherine O'Hagan Wolfe
CLERK OF COURT

Date: 2/13/09

Docket Number: 07-4727-cv

Short Title: Martingano v. American International Group, Inc.

DC Docket Number: 06-cv-1625
DC: EDNY (BROOKLYN)
DC Judge: Honorable John Gleeson

*UNITED STATES COURT OF APPEALS FILED MAR 16 2009 Catherine O'Hagan Wolfe, Clerk SECOND CIRCUIT*

## ITEMIZED AND VERIFIED BILL OF COSTS

Counsel for __Defendants-Appellees__ respectfully submits, pursuant to Rule 39 (c) of the Federal Rules of Appellate Procedure the within bill of costs and requests the Clerk to prepare and itemized statement of costs taxed against the __Plaintiffs-Appellants__

and in favor of __Defendants-Appellees__
for insertion in the mandate.

Docketing Action _____  _____

Costs of printing appendix (necessary copies _____ )  _____

Costs of printing brief (necessary copies __15__ )   $165.00
(at 55 pages per brief)

Costs of printing reply brief (necessary copies _____ )  _____

**(VERIFICATION HERE)**

I certify that the above charge is based on the minimum number of necessary copies of Defendants-Appellees brief taxed at $.20 per page allowed by Local Rule 39.

Cahill Gordon & Reindel LLP

Signature
Thomas J. Kavaler
80 Pine Street
New York, New York 10005
(212) 701-3006
Attorneys for Defendants-Appellees

## STATEMENT OF COSTS

Taxed in the amount of **$165.00** in favor of Appellees American International Group, Inc. *et al.*

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

by
Joy Fallek,
Administrative Attorney

03.16.09
Date